## Wendell *v.* Mugridge.

A court has power to amend its records whenever any error has occurred, and there is sufficient on file to amend by.

But all amendments are in the discretion of the court, and are not to be allowed if injustice to any one would thereby be done.

The extent of the rule as to the conclusiveness of an officer's return is, that it cannot be contradicted so as to defeat any right or title required under it.

The return upon a writ that the officer left a summons at the defendant's last and usual place of abode within the State, is not conclusive upon the question of residence; so that evidence is admissible that the defendant, at the time of the service, was absent from the State, and had not then, in fact, any last and usual place of abode within the State.

But to defeat a motion to amend the record of a judgment recovered against an absent defendant, he must satisfy the court that the claim against him was unjust, and that if he had had notice of the original suit, he could have defended it successfully.

DEBT. An action brought by the plaintiff against the defendant upon a promissory note for $148,11 and interest, was entered at the January term, 1826, of the court of common pleas. The officer's return upon the writ was:

## Wendell v. Mugridge.

" Rockingham, ss. December 31, 1825. I have attached a chair as the property of the defendant, valued at ten cents, and have left at his last and usual place of abode a summons with my name indorsed thereon."

The case was continued for notice from term to term, and at the August term, 1827, the plaintiff had judgment by default. On the back of the writ there was entered the taxation of costs at $14,70, and judgment on note for debt $213,64. There was also on file an execution in the case for the same sums, dated September 1, 1827, but without any return upon it.

At the same term of the court, January, 1826, the plaintiff, with Jacob Wendell, his partner, brought another action against this defendant, upon an account annexed to the writ, amounting to $13,16. Judgment was rendered in this suit either at the August term, 1827, or the January term, 1828. The entry upon the docket indicates the latter, although the taxation of costs, in both suits, stopped at August term, 1827. The discrepancy was not, however, considered material. The writ, in this suit, was also on file, and upon it was an entry of costs, taxed at $14,70, and " judgment for debt $17,90."

By the entries upon the clerk's docket, it appeared that the judgment in *Abraham Wendell* v. *Mugridge* was rendered in the January term, 1828, for $14,70 costs, and $17,90 debt ; and that the judgment in *Jacob Wendell & al.* v. *Mugridge* was rendered at the August term, 1827, for $14,70 costs, and $213,64 debt; thus making upon the docket in the one action the entry which belonged to the other. No extended record of these actions and judgments had ever been made. The plaintiff, having brought an action upon the larger of these judgments, and a plea of *nul tiel record* having been filed therein, he petitioned that the clerk's docket be amended in accordance with the facts.

The defendant offered to prove that upon the 31st day of December, 1825, the date of the officer's return, he was not

residing in New Hampshire, and had no last and usual place of abode in the State, and that he had no knowledge of any suit or judgment until the summons in the present action was served upon him. The plaintiff denied these allegations, and the question of the admissibility of this evidence, with the others arising upon the case, was reserved for this court.

*Hatch*, for the plaintiff.

1. This was manifestly a clerical error only, for which the plaintiff is in no manner responsible. He was not aware of the error until he brought a suit upon his judgment. His equity was plain. There were no rights of third persons here involved. In such case, there was no doubt of the power of the court to order amendments where there were other parts of the record by which the proper judgment could be made up. The lapse of time was no objection. So long as the judgment had any validity the court could amend the record, which it was as easy to do now as ever it was. *Chamberlain* v. *Crane,* 4 N. H. Rep. 115 ; *Atkins* v. *Sawyer,* 1 Pick. 351.

2. The officer returned that he had made an attachment, and left a summons at the defendant's last and usual place of abode. The return is conclusive, and may not be questioned to invalidate his proceedings. *Lewis* v. *Blair,* 1 N. H. Rep. 68 ; *Brown* v. *Davis,* 9 N. H. Rep. 76 ; *Hall* v. *Tenny,* 11 N. H. Rep. 516.

*Rollins*, for the defendant.

1. The motion for amendment is made after a plea of *nul tiel record.* There is here no judgment because of the variance between the entry of the memorandum and the docket.

But the main objection was the lapse of time. The action was continued for notice, but the defendant had no actual notice of the suit. The discretion of the court would

be exercised in granting the amendment under the facts.   In *Sadler* v. *Evans*, 4 Burr. 1989, an application made a year after judgment, and after a writ of error, was rejected; and in *Sale* v. *Crompton*, 2 Strange 1209, it was held too late, after eleven years, to amend the record in which the defendant's name was erroneously written *Compton*, for fear of inconvenience to other persons.   In *Thatcher* v. *Miller*, 13 Mass. 270, it was held too late, after six years, to permit an officer to amend his return.

2.   The officer's return is not conclusive on the question of residence, or of the presence of the party within the State.   It does not preclude the defendant from showing his true residence.   *Galusha* v. *Cobleigh*, 13 N. H. Rep. 79. In *Chamberlin* v. *Crane* there was a sum actually due the plaintiff, which we deny in the present case.

*Hatch*, in reply.

We deny that the officer's return was untrue.   This is merely a motion for leave to amend, upon which the court will not heed assertions of a want of consideration for the note.

WILCOX, J.   There is no doubt of the power of the court to make amendments of its records whenever there is any error, and something on file by which the amendments may be made.   The subject was much discussed in a case in this court, recently decided.

The original action there was debt upon a bond, in a large penal sum, conditioned for the payment of a smaller sum by several instalments.   Upon the back of the writ was entered a minute of a judgment for the plaintiff for the penalty and costs, as it should be.   Upon the clerk's docket was entered a minute of a judgment for the first instalment, which was all that was then due, with costs, and execution issued accordingly.   The execution, being for all that was due, was right, but the judgment should have been for the

whole penalty, standing as security for the subsequent in-stalments. It was allowed to amend the docket, and to en-ter up judgment for the penalty, corresponding with the entry upon the back of the writ. And there the delay was even greater than in the present case, the motion to amend not having been made for nearly thirty years after the ren-dition of the judgment. In the case at bar, the mistake is that of the officer of the court, not of the party, and it is ap-parent upon the face of the proceedings. The causes of ac-tion stated in the writs show the mistake—the indorsement upon the writs and the execution issued all show clearly what the error is, and furnish ample materials to amend by.

But all amendments are in the discretion of the court, and are not to be made if injustice would thereby be done to any one. And the defendant says that this amendment should not be allowed, because the original writ was served by an attachment of his goods, and the leaving a summons at his alleged residence in this State; and he now offers to prove that, at that time, he had no residence in New Hamp-shire, and had no notice of the pendency of the suit or of the rendition of the judgment until the service of the writ in the action now pending, founded upon that judgment. The plaintiff objects to the reception of such evidence be-cause it contradicts the officer's return. But we do not so consider it. The defendant does not propose to prove that no attachment was made, or no summons left, but to show his absence from the State at the time, and that he, in fact, then had no residence within the State. We think such evidence cannot be regarded as contradicting the officer's return. But if it did, there are many cases in which returns of officers may be contradicted. They cannot be contra-dicted so as to defeat any right or title acquired under the return, and this is believed to be the extent of the rule. But here the plaintiff sets up no right or title under this return. He seeks to acquire a right by the amendment which he asks, and by asking that, he impliedly admits that, without

the amendment, the return is to him useless. And it does not seem inequitable to hold that, upon an application to give life and validity to that return by an amendment, which is within our discretion, we might admit evidence to show that the return itself was wholly false.

We are, therefore, of the opinion that the proposed evidence may be received. What its effect will be is a different matter. As there is an obvious clerical error in the proceedings, we think the amendment cannot be resisted on a mere technical objection, not affecting the substantial justice of the case. The plaintiff, relying on his judgment, may have suffered his right of action on the note to be barred by the statute of limitations. He is not responsible for the error of the clerk, and does not appear even to have known it. Now if this is a subsisting debt, justly due from the defendant, and the plaintiff cannot produce a record of his judgment as it should be, he would be in danger of losing his debt from the error of the officer of the court. We think, therefore, if the defendant would resist the motion to amend, he must furnish evidence to satisfy the court that the plaintiff's claim against him was not a just claim ; and that if he had had notice of the original suit, he could have defended against it successfully. Otherwise the manifest error of the clerk should be corrected, and the parties left to their legal rights and remedies.

As there has been no extended or formal record made of the original judgment, that is now to be made up. The minutes upon the writs, which correspond with the writs themselves, are inconsistent with the entries upon the docket ; but if the latter be corrected, all repugnancy is removed, and no occasion will exist for any direction to the clerk as to the making up of the record.